UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LADARIAN KORDELL JACKSON                           CIVIL ACTION NO. 19-257
  VERSUS                                          JUDGE
WARE YOUTH CENTER, DARQWIEZ MURPHY AND              MAG.. JUDGE
RAYMOND LLOYD

COMPLAINT FOR DAMAGES
WITH DEMAND FOR JURY TRIAL

Plaintiff, LADARIAN KORDELL JACKSON, sets forth his claims for relief as follows::

1.

Jurisdiction of this court is invoked pursuant to 42USC§1983, 1988, deprivation of civil rights; 28USC 1331, Federal Question; 28USC 1367 for pendent jurisdiction over state claims.

2.

Plaintiff, LADARIAN JACKSON, is a citizen of the United States, residing in Natchitoches, Louisiana, who at all material times referred to herein, was a minor incarcerated in Defendant facility, WARE YOUTH CENTER.

3.

Defendant WARE YOUTH CENTER is an agency of the State of Louisiana, domiciled in Red River Parish, Louisiana and engaged in an industry affecting commerce with the power to sue and be sued pursuant to LRS 15:1097.5.  Unlawful practices complained of herein were committed by the agents of Defendant in the Western District of Louisiana.

4.

At all material times, Defendants DARQWIEZ MURPHY and RAYMOND LOYD were employees of the *WARE YOUTH CENTER* acting in their official capacity as officers of the Center; and for purposes of §1983 the acts complained of were performed under color of state law.

5.

In February 2016, Plaintiff, LADARIAN JACKSON was confined to *WARE YOUTH CENTER*

where he suffered injury from agents of Defendant *WARE YOUTH CENTER* within days of his commitment.

6.

The weekend after his commitment, JACKSON asked Defendant MURPHY for towels to dry off after a shower and was given dirty towels.

7.

When JACKSON asked for a clean towel, MURPHY lifted JACKSON's body and slammed him to the concrete floor in the shower two times, hitting his head against the floor, then put him on lock down.

8.

Upon information and belief, a number of employee guards and nurse were, at all times material, in the company of LADARIAN JACKSON, and witnessed the above described events, but took no action to aid LADARIAN JACKSON by halting the illegal acts, and are liable for damages incurred.

9.

JACKSON suffered injuries to his forehead and eyes, yet despite complaints of pain, he was never sent for medical treatment.

10.

Complaints by JACKSON's mother to Defendant RAYMOND LLOYD were ignored.

11.

Although there are video cameras in the area where the incident occurred, LLOYD insisted that there was nothing on camera showing the incident.

12.

During his commitment, JACKSON , who suffers from complications from ADHD, was

never given his prescribed medication, despite the information and releases provided by his mother.

13.

The act of throwing JACKSON against the concrete floor was not only unnecessary, it was an exercise of excessive force under the circumstances; and subjects Defendants to liability for abuse of a minor pursuant to Louisiana Civil Code 3496.1.

14.

The act of throwing JACKSON against the concrete floor was an exercise of excessive force under the circumstances; and constitutes cruel and unusual punishment in contravention of the Fourth and Fourteenth Amendments of the Constitution of the United States.

15.

The act of throwing JACKSON against the concrete floor is contravention to Article I of the Constitution of the State of Louisiana which guarantees all citizens the right to humane treatment.

16.

The failure of Defendant RAYMOND LLOYD to provide medical care for JACKSON or to fully investigate the incident subjects him to liability for ratifying the actions of Defendant DARQWIEZ MURPHY.

17.

WARE YOUTH CENTER is liable for the acts of its employees Defendants DARQWIEZ MURPHY, and RAYMOND LOYD.

18.

Defendants DARQWIEZ MURPHY, RAYMOND LOYD,, separately and in concert, acted under color and pretense of law; and recklessly and with callous disregard for the rights of the

minor child, LADARIAN JACKSON, causing injury to him and depriving him of the rights, privileges and immunities secured to him by the Fourteenth Amendment to the United States Constitution by the laws of the United States.

19.

Defendants DARQWIEZ MURPHY, RAYMOND LOYD,, in their capacity as officers of the Center, and without provocation and legal cause, did intentionally and repeatedly inflict serious injuries and abuse the minor child, LADARIAN JACKSON and depriving him of his constitutional rights, privileges and immunities.

20.

Defendants DARQWIEZ MURPHY and RAYMOND LOYD, separately and in concert, acted outside the scope of their employment and without authorization of law and they did separately and in concert, act willfully, knowingly and purposefully with specific intent to deprive LADARIAN JACKSON of his rights, and/or with reckless and callous disregard for his rights including rights of:

(a) freedom from unusual punishment, confinement and imprisonment;

(b) freedom from physical abuse, coercion and intimidation; and

(c) timely and effective assistance that should have been afforded to LADARIAN JACKSON through necessary and appropriate medical aid.

21.

All of these rights are secured to LADARIAN JACKSON by the provisions of the due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution 42 U.S.C. §1983.

22.

As a direct result of Defendant WARE YOUTH CENTER's callous and reckless disregard of the rights of individuals including LADARIAN JACKSON with respect to the training of Defendants DARQWIEZ MURPHY, RAYMOND LOYD, and others on its staff, LADARIAN JACKSON was denied the rights secured to him by the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, by 42 U.S.C. § 1983, and the laws of Louisiana.

23.

Plaintiff JACKSON has suffered physical and mental damages and continues to suffer irreparable harm by reason of the illegal practices of Defendants.

24.

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays that this court:

A) Order Defendants by mandatory injunction to enjoin from engaging in the above unlawful practices and take such affirmative actions as are necessary to assure that the effects of said violations are eliminated;

B) Order Defendants to compensate Plaintiff with compensatory and liquidated damages for the losses he sustained by reason of their violations;

C) Order Defendants to pay Plaintiff's costs in this action, including reasonable attorney fees; and

(D) Order all general and equitable relief as the Court deems necessary or proper.

_____
___/S/ Dianne Hill__
DIANNE HILL (14992)
ATTORNEY AT LAW
1401 HUDSON LANE STE 137
MONROE, LA 71201
(318) 325-6398

SERVICE:

1) JEFF LANDRY
   LOUISIANA ATTORNEY GENERAL
   1885 NORTH THIRD STREET
   BATON ROUGE, LA 70802

2) WARE YOUTH CENTER
   Through its agent for service,
   JOEY COX, CEO
   Route 1 Box 6000
   Coushatta, LA 71019

3) RAYMOND LLOYD, ADMINISTRATOR
   WARE YOUTH CENTER
   Route 1 Box 6000
   Coushatta, LA 71019

4) DARQWIEZ MURPHY
   5393 DUKE AVENUE
   HALL SUMMIT, LA 71034