# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **LADARIAN KORDELL JACKSON** | **CIVIL ACTION NO. 5:19-CV-00257** |
| **VERUS** | **JUDGE TERRY A. DOUGHTY** |
| **WARE YOUTH CENTER, DARQWIEZ MURPHY, AND RAYMOND LLOYD** | **MAGISTRATE JUDGE MARK L. HORNSBY** |

## ANSWER TO COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Ware Youth Center, Darqwiez Murphy and Raymond Lloyd, defendants herein, who for the purposes of responding to plaintiff's Complaint for Damages provide the following:

### FIRST DEFENSE

Plaintiff has failed to state a cause of action against these defendants.

### SECOND DEFENSE

Defendants Murphy and Lloyd are entitled to Qualified Immunity.

### THIRD DEFENSE

The incident sued upon was caused by the fault or negligence of plaintiff himself or others for whom these defendants have no responsibility.

### FOURTH DEFENSE

The damages claimed by plaintiff were the result of events or conditions which pre-existed the sued upon event or are unrelated to the sued upon event.

### FIFTH DEFENSE

Plaintiff has failed to mitigate his damages.

### SIXTH DEFENSE

Defendants are entitled to a set off or credit for any other insurance or payments that may be available or may have been made to plaintiff.

## SEVENTH DEFENSE

Plaintiff's claims are prescribed.

## EIGHTH DEFENSE

Defendants are entitled to a set off or credit for any other insurance or payments that may be available or may have been made to plaintiff. And now answering the individual paragraphs of the complaint, defendants offer the following:

1.

The allegations of Paragraph 1 call for a legal conclusion and requires no answer of these defendants.

2.

The allegations of Paragraph 2 are denied for lack of sufficient information upon which to justify a belief.

3.

The allegations of Paragraph 3 are admitted only as to the status of the defendant.

4.

The allegations of Paragraph 4 are admitted only as to the status of the defendants as employees of Ware Youth Center.

5.

The allegations of Paragraph 5 are admitted only that plaintiff was incarcerated at Ware Youth Center.

6.

The allegations of Paragraph 6 are denied.

7.

The allegations of Paragraph 7 are denied.

8.

The allegations of Paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied.

10.

The allegations of Paragraph 10 are denied for lack of sufficient information upon which to justify a belief.

11.

The allegations of Paragraph 11 are denied for lack of sufficient information upon which to justify a belief.

12.

The allegations of Paragraph 12 are denied.

13.

The allegations of Paragraph 13 are denied.

14.

The allegations of Paragraph 14 call for a legal conclusion and defendants deny that such events took place.

15.

The allegations of Paragraph 15 call for a legal conclusion and defendants deny that such events took place.

16.

The allegations of Paragraph 16 call for a legal conclusion and defendants deny that such events took place.

17.

The allegations of Paragraph 17 are denied for lack of sufficient information upon which to justify a belief.

18.

The allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 call for a legal conclusion and requires no answer of these defendants and are denied as written.

22.

The allegations of Paragraph 22 are denied.

23.

The allegations of Paragraph 23 are denied.

24.

The allegations of Paragraph 24 require no answer of these defendants.

25.

The allegations contained in plaintiff's prayer for relief require no answer of these defendants, but in an abundance of caution, any such allegations are denied.

26.

And now for further answer, in addition to the defenses set forth above, defendants assert the following affirmative defenses:

(a) The incident and/or injuries alleged in plaintiff's Complaint was caused by or contributed to by acts of God, third persons over whom these defendants have no control and for whom these defendants have no responsibility and/or by the plaintiff himself, all of which serve to reduce or bar any recovery by plaintiff;

(b) The plaintiff's actions or inactions caused or contributed to the alleged accident and the alleged injuries such that plaintiff's comparative fault will act as a bar or reduction to any recovery;

(c) Plaintiff has failed to mitigate his damages;

(d) Defendants assert that they are entitled to all statutory defenses, limitations of liability and immunities available under the law including but not limited to La. R.S. 9:2798.1, et seq., La. R.S. 9:2800, et seq. and La. R.S. 13:5101, et seq.; and

(e) Plaintiff has failed to state a cause of action;

(f) Plaintiff's claims are prescribed;

(g) Defendants Murphy and Lloyd are entitled to Qualified Immunity;

(h) Any allegations not admitted are denied.

**WHEREFORE**, defendants pray that this answer be deemed good and sufficient and that after due proceedings are had, there be judgment in their favor dismissing plaintiffs' claims with prejudice and at plaintiffs' cost. Defendants further pray for all equitable relief to which it may be entitled.

Respectfully submitted:

/s/ Gregory A. Grefer
**GREGORY A. GREFER** (Bar No. 22067)
MARICLE & ASSOCIATES
#1 Sanctuary Blvd., Suite 202
Mandeville, Louisiana 70471
Telephone: (985) 727-5021
Facsimile: (888) 341-6954
E-mail: ggrefer@travelers.com
*Attorneys for Defendants, Ware Youth Center, Darqwiez Murphy and Raymond Lloyd*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 13th day of May, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

- Diane Hill
  dhill2204@att.net

/s/ Gregory A. Grefer
**GREGORY A. GREFER**

5