UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LADARIAN KORDELL JACKSON | CIVIL ACTION NO. 19-0257 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARE YOUTH CENTER, DARQWIEZ MURPHY, AND RAYMOND LLOYD | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss (Record Document 42) filed by Defendants, Ware Youth Center, Darqwiez Murphy ("Murphy"), and Raymond Llyod ("Lloyd") (collectively "Defendants"). Plaintiff Ladarian Kordell Jackson ("Jackson") filed an opposition (Record Document 49), and Defendants filed a reply (Record Document 50). For the following reasons, Defendants' Motion to Dismiss is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an incident that occurred in February of 2016 while Jackson was confined to the Ware Youth Center in Red River Parish, Louisiana. See Record Document 1 at 1. Jackson alleges that when he requested clean towels from Murphy, an employee at Ware Youth Center, Murphy "lifted Jackson's body and slammed him to the concrete floor in the shower two times, hitting his head against the floor, then put him on lock down." Id. at 2. Jackson further alleges that he "suffered injuries to his forehead and eyes, yet despite complaints of pain, he was never sent for medical treatment." Id. In addition to this incident, Jackson generally alleges that he was denied his ADHD medication while detained. See id.

On April 10, 2018, Jackson filed a *pro se* complaint through his tutrix in this Court against Defendants. See Record Document 42-1 at 2. This complaint alleged the operative facts laid out above and asserted claims under 28 U.S.C. § 1983 for unreasonable force, denial of medical care, and unconstitutional patterns or practices by Ware Youth Center. See id. On February 7, 2019, this Court granted Defendants' Motion to Dismiss Jackson's claims with prejudice, finding, among other things, that the statute of limitations had expired on Jackson's claims. See id.; Exhibit 6: Judgment.

On February 28, 2019, Jackson filed a second Complaint in this Court based on the same set of facts. See Record Document 1. The Defendants are the same three Defendants as in the first suit, and the claims are based on the same incident that occurred in February of 2016.

In the pending Motion to Dismiss, Defendants argue that Jackson's claims must be dismissed because Jackson missed his opportunity to appeal from the Court's first judgment, and his claims are now prescribed. See Record Document 42-1 at 3–4. Defendants further assert that, even if it were proper for Jackson to re-file this Complaint, Jackson has failed to state a claim upon which relief can be granted under Section 1983. See id. at 4. Defendants argue that under both the Rule 12(b)(6) standard and the Rule 56 standard—should the Court decide to convert the Motion to Dismiss into a Motion for Summary Judgment—Jackson cannot succeed on his claims. See id.

In response, Jackson argues that his claims are subject to a three-year prescriptive period under Louisiana law for "a cause of action against persons for abuse of a minor." See Record Document 49 at 3. Because Jackson was a minor at the time of the incident at issue, he argues that the prescriptive period was suspended until he reached the age

2

of majority. See id. Jackson also addressed Defendants' arguments concerning the liability of a governmental entity and the defense of qualified immunity. See id. at 4–5. However, Jackson did not address Defendants' other arguments, including the fact that Jackson's first suit was dismissed with prejudice by this Court.

In reply, Defendants assert that Jackson filed suit more than one year after turning eighteen (i.e., the age of majority). See Record Document 50 at 1. Defendants further assert that the three-year prescriptive period for a child abuse claim simply does not apply to Jackson's Section 1983 claims, and thus, the suit was untimely filed. See id.

## LAW AND ANALYSIS

### I.     Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While some specific causes of action have a heightened pleading standard imposed on them by the Rules or statute, that is not the case for claims under Title VII. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). The standard for the adequacy of all complaints under Rule 8(a)(2) is now the "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

"Where it appears from the face of the complaint that the applicable limitations has run, an action is subject to dismissal for failure to state a claim upon which relief may be granted under rule 12(b)(6)." McKinley v. Larpenter, No. Civ.A. 01-0836, 2001 WL 1178348, at *2 (E.D. La 2001). Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for "failure to state a claim upon which relief can be granted." Courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court.'" Twombly, 550 U.S. at 558 (citations omitted).

## II.     Analysis

Defendants' primary argument in their Motion to Dismiss centers around the effect of a dismissal with prejudice on a subsequent filing of identical claims. See Record Document 42-1 at 14. Jackson apparently cannot contest that the claims brought in his first suit are identical to the claims brought in his second suit—they cover the same factual basis, and both suits name the same three Defendants. Because these identical claims have already been dismissed with prejudice before the current suit was filed, Jackson

cannot bring those same claims again. The effect of a dismissal with prejudice is that such dismissal "has res judicata effect on the parties to the suit dismissed with prejudice." Bailey v. Exxon Mobil Corp., 184 So.3d 200, 205 (La. App. 5 Cir. 12/23/15). Notably, "there is no requirement that the claims at issue be actually litigated in the case dismissed with prejudice." Id. It is enough that this Court has already assessed Jackson's claims and dismissed them in a prior judgment. Thus, this Court agrees with Defendants that Jackson's second suit must be similarly dismissed.

Importantly, Jackson missed the window to appeal the dismissal of his first suit. In a civil case, a party must file a notice of appeal "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4. Here, it does not appear that Jackson filed any appeal at all, let alone a timely one. Further, Federal Rule of Civil Procedure 60, which allows relief from a judgment in certain circumstances, requires a motion to be filed "within a reasonable time," limited to "no more than a year after the entry of judgment" in some cases. Fed. R. Civ. P. 60(c)(1). Because Jackson filed neither an appeal nor a Rule 60 motion, he cannot now simply refile his claims in a separate suit.

Even if Jackson were allowed to file the same claims after a dismissal with prejudice, the Court finds that the claims are prescribed. "Actions brought under §1983 are subject to the forum state's personal injury limitations…In Louisiana, personal injury claims are governed by Louisiana Civil Code article 3492 which provides for a prescriptive period of one year from the date of injury or damage." McKinley, 2001 WL 1178348, at *2. Here, the incident occurred in February of 2016, yet the current suit was not filed until February of 2019. See Record Document 1. Because Jackson brought his lawsuit three

5

years after the date of injury or damage, the claims were not timely filed and likewise must be dismissed.

Because this Court agrees with Defendants that Jackson's claims have already been dismissed with prejudice in a prior matter, the Motion to Dismiss is **GRANTED**, and Jackson's claims are again dismissed with prejudice. Because dismissal is proper on these grounds, the Court will not address the substantive arguments made by Defendants concerning Monell liability and qualified immunity.

## CONCLUSION

Based on the reasons outlined above,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Record Document 42) is **GRANTED**. All claims filed by Jackson against Defendants are **DISMISSED WITH PREJUDICE**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of May, 2023.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT